UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00038 CW (LB) |
| Plaintiff, | REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |
| v. | |
| RONALD GENE HAMPTON, | |
| Defendant. | |

The magistrate court recommends to the district court that it accept defendant Ronald Gene Hampton's guilty plea entered in open court on May 12, 2010. Specifically, the defendant pleaded guilty pursuant to a written plea agreement to count one of the indictment charging possession with intent to distribute methamphetamine in violation of 21 U.S.C. Section 841(a)(1),(b)(1)(B)(viii). The magistrate court makes the following findings:

    1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district court and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate court advised him that he had a right to plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to enter his plea in a plea hearing in magistrate court. The magistrate court also advised him that it would issue a written report recommending that the district court accept the guilty plea, that the district court would review that recommendation and

REPORT AND RECOMMENDATION
CR 10-00038 CW (LB)

determine whether to accept the guilty plea, and that the district court and not the magistrate court would sentence him. The magistrate court also advised him of the procedures (also set forth at the end of this recommendation) for challenging the magistrate court's recommendation. The defendant then waived his right to proceed in district court in open court and in writing and consented to the magistrate court's conducting the plea hearing.

    2. The magistrate court conducted a full plea hearing in the manner set forth in Federal Rule of Criminal Procedure 11. In particular, the magistrate court reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F). The court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence. *See* Fed. R. Crim. P. 11(b)(1)(N). The magistrate court also determined that there was a factual basis for the guilty plea. *See* Fed. R. Crim. P. 11(b)(3).

    3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and the magistrate court advised the defendant as follows:

    A.    To the extent that the plea agreement was an agreement of the type specified in Rule 11(c)(1)(A) or (C), the district court may accept the agreement, reject the agreement, or defer a decision until the district court reviewed the presentence report. Also, to the extent that the district court accepts the agreement, the agreed disposition will be reflected in the judgment. To the extent that the district court rejects the agreement, it will inform the parties, advise the defendant that it is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea. If the district court rejects the plea agreement and the defendant does not withdraw his plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

    B.    To the extent that the plea agreement was of the type specified in Rule 11(c)(1)(B), the defendant had no right to withdraw his plea if the district court did not follow the parties' recommendation or request.

*See* Fed. R. Crim. P. 11 (c)(3)-(5).

    4. The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than

REPORT AND RECOMMENDATION
CR 10-00038 CW (LB)        2

1 | the promises in the plea agreement).  *See* Fed. R. Crim. P. 11(b)(2).

2 |     5.  After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty as summarized above.  The magistrate court found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis.  This court thus recommends to the district court that it accept the defendant's guilty plea.

    6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

    7. At the parties' request, this court set the matter for further proceedings before the district court on Wednesday, July 28, 2010, at 2 p.m.

    IT IS SO RECOMMENDED.

Dated: May 13, 2010

_____
LAUREL BEELER
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 10-00038 CW (LB)                            3